## UNITED STATES DISTRICT COURT
### FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RON FLEMMING, ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No.: 21-cv-3104-JBM |
| ) | |
| STEPHANIE WINTERS, ) | |
| ) | |
| **Defendant.** ) | |

### CASE MANANGEMENT ORDER

Plaintiff, a former prisoner, filed a *pro se* complaint under 42 U.S.C. § 198 3, and a petition to proceed *in forma pauperis* ("IFP"), alleging deliberate indifference to his serious medical needs at the Lincoln Correctional Center. As Plaintiff was not incarcerated at the time of filing, his petition is reviewed under 28 U.S.C. §1915 (a)(1), rather than § 1915 (a)(2), which applies only to incarcerated persons. Section 1915 (a)(1) "is designed to ensure indigent litigants meaningful access to the federal courts. *Christophel v. Brandl,* No. 08-755, 2008 WL 5429658, at *1 (E.D. Wis. Dec. 31, 2008) citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). Before allowing a litigant to proceed *in forma pauperis,* the court must determine whether the litigant is able to pay the costs of commencing the action. The court must deny an IFP request if: (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. §1915(e)(2).

Plaintiff does not provide any information as to employment, revealing that he receives $1147 per month in disability income. He identifies his only expenses as $500 per month in rent and utilities. As Plaintiff must certainly have other expenses, such as for food and transportation, it appears his allegations of poverty are true. The inquiry does not end there, however, as the

1

Court must review the complaint to determine whether the action is frivolous, fails to state a claim, or seeks monetary relief against a defendant immune from suit.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

**FACTS**

Plaintiff pleads that on January 23, 2019, he was seen by an eye doctor who recommended that he take Tobradex eyedrops, a combination antibiotic and steroid, four times daily. Plaintiff do not reveal the medical indication for these eyedrops. When Plaintiff returned to the facility, Nurse Jennings, not named as a party, spoke with the pharmacy technician to see whether the medication was in stock. The pharmacy technician, Defendant Stephanie Winters, stated that it was not, but that she would order it.

On January 28, 2019, Plaintiff was seen in the healthcare unit by Dr. Kotteman, not named as a party. At that time, Plaintiff indicated that he had not yet received the eyedrops. Dr. Kotteman followed up and determined that the Tobradex had not been ordered. Dr. Kotteman provided Plaintiff with another antibiotic until the newly ordered Tobradex arrived.

## ANALYSIS

Plaintiff filed his complaint on April 28, 2021, complaining of events which occurred on January 23, 2019. At first glance, the complaint appears to have been filed outside of the applicable statute of limitations which, for section symbol 1983 cases is two years. *Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011); 735 ILCS 5/13-201 ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years."). *See also, Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010) ("[t]he statute of limitations is an affirmative defense, but if a plaintiff "pleads facts that show his suit is time-barred or otherwise without merit, he has pleaded himself out of court."); *Davenport v. Dovgin*, 545 Fed.Appx. 535, 538 (7th Cir. 2013). "[A] court may dismiss a claim as time–barred if the complaint sets forth the necessary information to show that the statute of limitations has expired."

Plaintiff provides grievance records, however, to indicate that this matter was addressed by the Administrative Review Board on July 3, 2019. The statute of limitations will be tolled during the period that a Plaintiff pursues his administrative remedies as to a related grievance. *Johnson v. Rivera,* 272 F.3d 519, 521-22 (7th Cir. 2001). As Plaintiff filed the complaint within two years of the time his grievance was in the administrative review process, it appears that the complaint was timely filed.

There is an additional hurdle, however, as Plaintiff fails to plead a colorable deliberate indifference claim against Defendant Winters. He alleges only that on January 23, 2019, Defendant told another that she would order the medication, and this was not done. This failure could well represent mere oversight, a problem in the ordering process, fault on the part of another, or a host of other potential causes. To be liable for deliberate indifference, a Defendant must have had a sufficiently culpable state of mind. Deliberate indifference "is more than

negligence and approaches intentional wrongdoing." *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 988 (7th Cir.1998). Plaintiff must demonstrate that defendant "actually knew of and disregarded a substantial risk of harm." *Petties v. Carter*, 836 F.3d 722, 728 (7th Cir. 2016) (emphasis in original) (internal citations omitted). Mere negligence does not amount to a constitutional violation. *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015).

Plaintiff's request to proceed in forma pauperis [3] is DENIED, as he has failed to state an actionable claim. He will be given an opportunity, however, to file an amended complaint within 30 days.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis [3] is DENIED for his failure to state a cognizable claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff will have 30 days in which to file an amended complaint, in the event that he can state a colorable § 1983 claim. If he repleads, it is to be captioned Amended Complaint and is to include all of Plaintiff's claims without reference to a prior pleading. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. If Plaintiff files an amended complaint, he must either pay the $402 filing fee or file an updated petition to proceed in forma pauperis.

2) Plaintiff's request for recruitment of pro bono counsel [4], is denied as he has not presented a justiciable claim.

ENTERED: ___5/7/2021_____

                                                    ____s/Joe Billy McDade_____
                                                    JOE BILLY McDADE
                                                  UNITED STATES DISTRICT JUDGE